IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH J. COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| OFFICER CHRISTOPHER STARK (Star # 4728), OFFICER THOMAS HAMILTON (Star # 13071), SERGEANT GARRY KODAT (Star # 10272), OFFICER T. MCMAHON (Star # 89), OFFICER C. JUDON (Star # 262) and the CITY OF CHICAGO, a municipal corporation, ) ) ) ) ) ) ) | Case No. **08 C 437** JUDGE HART MAGISTRATE JUDGE VALDEZ |
| ) | |
| Defendants. ) | |

## COMPLAINT

Now comes the Plaintiff, KENNETH J. COBB, by and through his attorney, John E. Partelow and complaining of defendants, OFFICER CHRISTOPHER STARK (Star #4728), OFFICER THOMAS HAMILTON (Star # 13071), SERGEANT GARRY KODAT (Star # 10272), OFFICER T. MCMAHON (Star # 89), OFFICER C. JUDON (Star # 262) and the CITY OF CHICAGO, a municipal corporation, states as follows:

### Nature of Action

1.  This cause of action is brought pursuant to the laws of the United States, specifically 42 U.S.C. §1983 and 42 U.S.C. §1983, pursuant to the rights secured by the United States Constitution, and pursuant to the laws of the State of Illinois, to redress deprivations of the civil rights of plaintiff Kenneth Cobb after he was wrongfully arrested, charged, imprisoned and prosecuted for a crime he did not commit.

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and 28 U.S.C. §1367.

3. Venue is proper pursuant to 28 U.S.C. §1391 (b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

## The Parties

4. That at all relevant times, plaintiff was a resident of the State of Illinois and resided in the Northern District of Illinois, Eastern Division.

5. That at all relevant times, defendant CITY OF CHICAGO ("the City"), was a municipal corporation located in the State of Illinois and within the Northern District of Illinois, Eastern Division.

6. That at all relevant times, the City was the employer of the individually named defendant police officers.

7. That at all relevant times, defendant CHRISTOPHER STARK (Star No. 4728), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

8. That at all relevant times, defendant THOMAS HAMILTON (Star # 13071), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

9. That at all relevant times, defendant SERGEANT GARRY KODAT (Star # 10272), was employed by defendant City of Chicago

as a police officer and was acting within the course and scope of his employment and under the color of law.

10. That at all relevant times, defendant OFFICER T. MCMAHON (Star # 89), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

11. That at all relevant times, defendant OFFICER C. JUDON (Star # 262), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

### Facts

12. On January 20, 2007, plaintiff Kenneth Cobb (hereinafter referred to as "Kenneth") was a 39 year old male, employed by Magnum Security and Investigation, Inc. ("Magnum"), with its principal place of business located at 4048 North Milwaukee Avenue, Chicago, Illinois 60641.  Magnum was licensed and registered with the State of Illinois and authorized to employ qualified and licensed individuals as armed security guards.

13. On January 20, 2007, Kenneth was employed by Magnum as an armed security guard and was scheduled and assigned to work as an armed security guard that evening.

14. On January 20, 2007, Kenneth was the holder of a valid Firearm Owner's Identification Card ("FOID card), a valid firearm control card issued by the Department of Professional Regulation ("perc card" or "tan card") and was otherwise properly licensed and registered to possess and carry a firearm in connection with the performance of his duties as an armed security guard with

Magnum.

15.   On January 20, 2007, at approximately 7:30 p.m., Kenneth was on his way to work at the location to which he was assigned by Magnum.  At approximately 7:30 p.m. Kenneth was approached and stopped on the street near 7910 South Colfax Avenue, Chicago, Illinois ("the stop") by defendant police officers, Officer Christopher Stark ("Off. Stark") and Officer Thomas Hamilton ("Off. Hamilton").

15.   During the stop, Kenneth advised the officers that he was employed as an armed security guard, was on his way to work and was in possession of the handgun used in connection with his employment.

16.   At the time Kenneth advised officers Stark and Hamilton of the foregoing facts, he was then in possession of all documentation required to permit him to legally possess a firearm, including a valid FOID card, a valid tan card, a letter from Magnum confirming his status and employment as an armed security guard and setting forth, with specificity, both Magnum and plaintiff's license and registration numbers and other information.  Moreover, Kenneth was in the process of commuting from his home and place of employment and was within one hour of beginning his shift.  In addition, each of these facts was readily and easily verifiable by the officers with a minimum of additional investigation.

17.   All of the foregoing facts and circumstances were known to both Off. Stark and Off. Hamilton at the time of the stop or shortly thereafter.  Despite the fact that Kenneth was legally

entitled to be in possession of a firearm at the time of the stop, officers Stark and Hamilton placed Kenneth under arrest and transported him to the District 4 lockup, where he was fingerprinted, booked and jailed.

18. Officers Stark and Hamilton subsequently sought felony charges against Kenneth for his possession of the handgun he carried in connection with his employment as an armed security guard. In seeking those charges, officers Stark and Hamilton prepared a police report regarding the stop and arrest of Kenneth ("the report"). The report was prepared and signed under oath and was approved by defendant Officer T. McMahon ("Off. McMahon") and defendant Officer C. Judon ("Off. Judon").

19. The report contained deliberate omissions of material facts and intentionally false and misleading statements which created the impression that the officers had probable cause to arrest and charge Kenneth when they clearly did not. Defendants Stark, Hamilton, McMahon and Judon, and each of them, prepared, assisted in preparing, approved and/or failed to correct the false and misleading report.

20. The false and misleading report deliberately failed to disclose that at the time of the stop Kenneth had in his possession the following: (a) a valid tan card, (b) a valid FOID card, ©) written documentation from his employer, confirming that he was employed, properly licensed and registered as an armed security guard. The report falsely states that Kenneth could not produce a valid tan card at the time of the stop when defendants Stark and Hamilton knew that Kenneth had a valid tan card in his

possession at the time of the stop. The report deliberately omitted the fact that Kenneth was, at the time of the stop, commuting from his residence to his place of employment and was within one hour of the start of his shift, legally entitling him to possess the handgun.

21. In connection with Kenneth's arrest and booking, defendant officers Stark and Hamilton prepared a property inventory form. That form was approved by defendant Sergeant Garry Kodat ("Sgt. Kodat"). The property inventory form showed only the firearm and ammunition seized from Kenneth, and omitted the tan card, FOID card and other documentation found on Kenneth's person. The only reason for this intentional omission of relevant and material evidence was to intentionally conceal the fact that no probable cause existed for Kenneth's arrest nor was there probable cause to support the felony charge of Aggravated Unlawful Use of a Weapon. Defendants Stark, Hamilton and Kodat intentionally prepared the false and misleading property inventory form to conceal the fact that no probable cause existed for Kenneth's arrest or the charges sought against him.

22. Subsequent to the preparation of the false and misleading police report and property inventory form, defendants contacted Assistant State's Attorney Jason Poje ("ASA Poje") and sought approval of the felony charge of Aggravated Unlawful Use of a Weapon ("Agg. U.U.W.") against Kenneth. Defendant officers made false statements of material fact to ASA Poje (i.e. that Kenneth could not produce a valid tan card), concealed

exculpatory evidence (i.e. Kenneth's possession of the required documentation, his employment, licensing and registration as an armed security guard) and concealed other facts from ASA Poje (i.e. that Kenneth was, at the time of the stop, commuting from his residence to his place of employment and was within one hour of the start of his shift) which caused ASA Poje to approve the felony charge of Agg. U.U.W., despite the lack of probable cause to support those charges.

23. Kenneth was then charged with the felony of Agg. U.U.W. pursuant to Section 5/24-1.6 of the Illinois Criminal Code, a Class 4 felony. He was transported to the Cook County Jail, where he remained in custody for 18 days.

24. On February 8, 2007, a preliminary hearing was held before the Honorable Michelle Jordan. Judge Jordan made a finding of no probable cause and dismissed the felony charge. Kenneth was released from custody that day.

25. As a result of his false arrest and imprisonment Kenneth was terminated from his employment with Magnum.

## COUNT I

### (Due Process – 42 U.S.C. §1983)

26. Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-25, inclusive, as if if fully restated herein. Defendants, while acting under color of law and within the scope of their employment, deprived Plaintiff, Kenneth J. Cobb, of his constitutional rights to due process. Each of the individual defendants participated,

assisted in or failed to supervise or correct, the deliberate fabrication of false statements, the intentional concealment of exculpatory evidence and the deliberate obstruction of justice, thereby causing the false arrest of plaintiff, Kenneth J. Cobb, causing him to be falsely imprisoned and prosecuted for a crime he did not commit.

27.    Defendants provided false allegations that were the basis for the approval of the felony charge against plaintiff and withheld exculpatory evidence.

28.    Absent this misconduct, the arrest and prosecution of plaintiff, Kenneth J. Cobb, could not and would not have been approved or pursued.

29.    As a result of the violation of his constitutional right to due process, plaintiff, Kenneth Cobb, suffered injuries, including his wrongful arrest, wrongful imprisonment, loss of employment and mental and emotional distress.

30.    The misconduct that occurred was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff, Kenneth J. Cobb's, constitutional rights.

31.    The misconduct described herein was undertaken with malice, willfulness and with reckless indifference to the constitutional rights of others, including Kenneth J. Cobb.

32.    The misconduct described herein was undertaken pursuant to the policy and practice of the defendant City of Chicago in

that:

    A.   As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here, by failing to adequately train, supervise and control its police officers, such that its failure to do so manifests deliberate indifference, by hiring or retaining unqualified individuals as police officers;

    B.   As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct thereby leading its police officers to believe that their actions would never be scrutinized and, in that way, directly encouraged future abuses such as those suffered by plaintiff Kenneth J. Cobb;

    C.   As a matter of both policy and practice so widespread as to comprise municipal policy, the City of Chicago directly encourages, the very type of misconduct at issue here, by providing various employment incentives to its police officers for making certain types of arrests, including those involving firearms, regardless of the legality of those arrests or the ultimate dispositions of those cases;

    D.  Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, the City of Chicago's police officers falsely arrest and prosecute citizens in a manner similar to that alleged by plaintiff herein but the City makes

findings of wrongdoing in a disproportionately small number of cases;

E. Municipal policy makers are aware of, and condone and facilitate by their inaction, a "code of silence" within the police department, by which police officers fail to report misconduct by other officers, such as the misconduct alleged herein;

F. The City of Chicago has failed to act or remedy the patterns of misconduct alleged herein, despite actual knowledge of the same thereby causing the types of injuries alleged herein.

WHEREFORE, plaintiff, Kenneth J. Cobb, for judgment against defendants CHRISTOPHER STARK, THOMAS HAMILTON, GARRY KODAT, T. MCMAHON, C. JUDON and the CITY OF CHICAGO , awarding him compensatory damages, attorneys fees and costs against each of the aforementioned defendants, and punitive damages against the individually named defendants and such, other, further and different relief as the court deems just and appropriate.

## COUNT II

**(False Arrest – 42 U.S.C. § 1983)**

33. Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-32, inclusive, as if if fully restated herein.

34. Plaintiff, Kenneth J. Cobb, was improperly seized and arrested by the defendants without legitimate probable cause. Plaintiff, Kenneth J. Cobb, was denied his liberty without

justification in violation of the Constitution.

35. As a result of the above described wrongful infringement of Plaintiff, Kenneth J. Cobb's rights, plaintiff has suffered damages, including, but not limited to, mental distress and anguish and the loss of his employment.

36. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Kenneth Cobb.

WHEREFORE, plaintiff, Kenneth J. Cobb, for judgment against defendants CHRISTOPHER STARK, THOMAS HAMILTON, GARRY KODAT, T. MCMAHON, C. JUDON and the CITY OF CHICAGO, awarding him compensatory damages, attorneys fees and costs against each of the aforementioned defendants, and punitive damages against the individually named defendants and such, other, further and different relief as the court deems just and appropriate.

## COUNT III
### (Malicious Prosecution – State Law Claim)

37. Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-32, inclusive, as if if fully restated herein.

38. Defendants, individually and/or jointly and in conspiracy initiated, or caused to be initiated, and continued and/or caused to be continued a malicious and wrongful prosecution against Kenneth Cobb, all without probable cause. Defendants were each instrumental in the initiation and continuation of the malicious and wrongful prosecution of Kenneth

Cobb.  The defendants each acted with malice.

39.  The prosecution was terminated in Kenneth J. Cobb's favor after he was incarcerated for eighteen (18) days.

40.  Defendants are liable for malicious prosecution because it was proximately caused by their unlawful actions as set forth above.

41. These actions directly and proximately caused the injuries and damages to Kenneth J. Cobb as claimed above, and constitute the tort of malicious prosecution under Illinois law.

WHEREFORE, plaintiff, Kenneth J. Cobb, for judgment against defendants CHRISTOPHER STARK, THOMAS HAMILTON, GARRY KODAT, T. MCMAHON, C. JUDON and the CITY OF CHICAGO, awarding him compensatory damages, attorneys fees and costs against each of the aforementioned defendants, and punitive damages against the individually named defendants and such, other, further and different relief as the court deems just and appropriate.

## COUNT IV

**(Intentional Infliction of Emotional Distress – State Law Claim)**

42.  Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-41, inclusive, as if if fully restated herein.

43.  The acts and conduct of defendants, as set forth herein were extreme and outrageous.  The defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to plaintiff,

Kenneth J. Cobb.

44. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, Kenneth J. Cobb.

45. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff Kevin Fox.

46. As a proximate result of Defendants' wrongful acts, plaintiff, Kenneth J. Cobb, suffered damages, including severe emotional distress and anguish.

WHEREFORE, plaintiff, Kenneth J. Cobb, for judgment against defendants CHRISTOPHER STARK, THOMAS HAMILTON, GARRY KODAT, T. MCMAHON, C. JUDON and the CITY OF CHICAGO, awarding him compensatory damages, attorneys fees and costs against each of the aforementioned defendants, and punitive damages against the individually named defendants and such, other, further and different relief as the court deems just and appropriate.

## COUNT V

### (False Imprisonment – State Law Claim)

47. Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-46, inclusive, as if if fully restated herein.

48. The defendants, individually and/or jointly and in conspiracy, falsely imprisoned, or caused to be falsely imprisoned, the plaintiff, Kenneth J. Cobb, without probable

cause.

49.   The defendants, are liable for this false imprisonment, because it was proximately caused by their unlawful actions as set forth herein.

50.   The false imprisonment of plaintiff, Kenneth J. Cobb, by the defendants, continued from January 20, 2007, to February 8, 2007, a total of eighteen days.

51.   As a direct and proximate result of the wrongful acts of the defendants in falsely imprisoning plaintiff, Kenneth J. Cobb, he has suffered the injuries and damages as set forth herein.

### COUNT VI

### (745 ILCS 10/9-102 - Indemnification)

52.   Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-51, inclusive, as if fully set forth herein as paragraph 00.

53.   At all relevant times the individually named defendants, Officers Stark, Hamilton, McMahon, Kodat and Pudon were acting under color of law and within the scope and course of their employment.

54.   At all relevant times the City of Chicago was the employer of the individually named defendants, Officers Stark, Hamilton, McMahon, Kodat and Pudon.

  WHEREFORE, plaintiff Kenneth J. Cobb, pursuant to 745 ILCS 10/9-102, demands judgment against defendant City of Chicago for any amounts awarded to plaintiff from any of the individually

named defendant police officers and for such other, further and different relief as the court deems just.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims.

                              KENNETH J. COBB

                         By:__/s/ John E. Partelow_____
                              His Attorney

John E. Partelow
Attorney for Plaintiff
555 West Jackson Boulevard
Suite 700
Chicago, Illinois 60661
(312) 655-0837
Atty No. 6188346