IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH J. COBB, ) | |
| ) | No. 08 C 0437 |
| Plaintiff, ) | |
| ) | Judge Hart |
| v. ) | |
| ) | Magistrate Judge Valdez |
| OFFICER CHRISTOPHER STARK (Star # ) | |
| 4728), OFFICER THOMAS HAMILTON ) | Jury Trial Demanded |
| (Star #13071), SERGEANT GARRY ) | |
| KODAT (Star #10272), OFFICER T. ) | |
| McMAHON (Star #89), OFFICER C. ) | |
| JUDON , Star #262, and the CITY OF ) | |
| CHICAGO, a municipal corporation, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT, AND JURY DEMAND**

Defendant City of Chicago ("the City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer to plaintiff's complaint, states as follows:

**Nature of Action**

1. This cause of action is brought pursuant to the laws of the United States, specifically 42 U.S.C. §1983 and 42 U.S.C. §1983 [sic], pursuant to the rights secured by the United States Constitution, and pursuant to the laws of the State of Illinois, to redress deprivations of the civil rights of plaintiff Kenneth Cobb after he was wrongfully arrested, charged, imprisoned and prosecuted for a crime he did not commit.

ANSWER:   The City admits that plaintiff purports to bring this cause of action pursuant to the laws of the United States, specifically 42 U.S.C. § 1983, pursuant to the rights secured by the United States Constitution, and pursuant to the laws of the State of Illinois, to redress the alleged deprivation of plaintiff's civil rights. The City denies the remaining allegations in this paragraph to the extent that they pertain to the City.

**Jurisdiction and Venue**

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and 28 U.S.C. §1367.

ANSWER:   The City admits the allegations in this paragraph.

3.   Venue is proper pursuant to 28 U.S.C. §1391(b) . All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

ANSWER:   The City lacks knowledge or information sufficient to form a belief about the truth of the allegation that plaintiff resides in this judicial district. The City admits the remaining allegations in this paragraph.

**The Parties**

4.   That at all relevant times, plaintiff was a resident of the State of Illinois and resided in the Northern District of Illinois, Eastern Division.

ANSWER:   The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5.   That at all relevant times, defendant CITY OF CHICAGO ("the City"), was a municipal corporation located in the State of Illinois and within the Northern District of Illinois, Eastern Division.

ANSWER:   The City admits the allegations in this paragraph.

6.   That at all relevant times, the City was the employer of the individually named defendant police officers.

ANSWER:   The City admits that, at all times relevant to the complaint, the individually named defendant police officers were employees of the Chicago Police Department. The City lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

7. That at all relevant times, defendant CHRISTOPHER [sic] STARK (Star No. 4728), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

ANSWER: The City admits that defendant Christoph Stark (Star No. 4728), was at all times relevant to the complaint, an employee of the Chicago Police Department. The City further admits, upon information and belief, based upon Chicago Police Department documents, that defendant Stark was, at all times relevant to the complaint, acting under color of law and within the scope of his employment.

8. That at all relevant times, defendant THOMAS HAMILTON (Star # 13071), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

ANSWER: The City admits that defendant Thomas Hamilton (Star # 13071), was at all times relevant to the complaint, an employee of the Chicago Police Department. The City further admits, upon information and belief, based upon Chicago Police Department documents, that defendant Hamilton was, at all times relevant to the complaint, acting under color of law and within the scope of his employment.

9. That at all relevant times, defendant SERGEANT GARRY KODAT (Star # 10272), was employed by defendant City of Chicago as a police officer and was acting within the course, and scope of his employment and under the color of law.

ANSWER: The City admits that defendant Sergeant Garry Kodat (Star # 10272), was at all times relevant to the complaint, an employee of the Chicago Police Department. The City further admits,

upon information and belief, based upon Chicago Police Department documents, that defendant Kodat was, at all times relevant to the complaint, acting under color of law and within the scope of his employment.

10.     That at all-relevant times, defendant OFFICER T. MCMAHON (Star # 89), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

ANSWER:     The City admits that defendant officer Terrence McMahon (Star # 89), was at all times relevant to the complaint, an employee of the Chicago Police Department. The City further admits, upon information and belief, based upon Chicago Police Department documents, that defendant McMahon was, at all times relevant to the complaint, acting under color of law and within the scope of his employment.

11.     That at all relevant times, defendant OFFICER C. JUDON (Star # 262), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

ANSWER:     The City admits that defendant officer Cassandra Judon (Star # 262), was at all times relevant to the complaint, an employee of the Chicago Police Department. The City further admits, upon information and belief, based upon Chicago Police Department documents, that defendant Judon was, at all times relevant to the complaint, acting under color of law and within the scope of his employment.

**Facts**

12.     On January 20, 2007, plaintiff Kenneth Cobb (hereinafter referred to as "Kenneth") was a 39 year old male, employed by Magnum Security and Investigation, Inc. ("Magnum"), with its principal place of business located at 4048 North Milwaukee Avenue, Chicago, Illinois 60641. Magnum was licensed and registered with the State of Illinois and authorized to employ qualified and licensed individuals as armed security guards.

ANSWER:   Upon information and belief, based on Chicago Police Department documents, the City admits that plaintiff is a male and was about 39 years old on January 20, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13.   On January 20, 2007, Kenneth was employed by Magnum as an armed security guard and was scheduled and assigned to work as an armed security guard that evening.

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.   On January 20, 2007, Kenneth was the holder of a valid Firearm Owner's Identification Card ("FOID card"), a valid firearm control card issued by the Department of Professional Regulation ("perc card" or "tan card") and was otherwise properly licensed and registered to possess and carry a firearm in connection with the performance of his duties as an armed security guard with Magnum.

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. On January 20, 2007, at approximately 7:30 p.m., Kenneth was on his way to work at the location to which he was assigned by Magnum. At approximately 7:30 p.m. Kenneth was approached and stopped on the street near 7910 South Colfax Avenue, Chicago, Illinois ("the stop") by defendant police officers, Officer Christopher [sic] Stark ("Off. Stark") and Officer Thomas Hamilton ("Off. Hamilton").

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. Upon information and belief, based on Chicago Police Department documents, the City admits the remaining allegations in this paragraph.

15. During the stop, Kenneth advised the officers that he was employed as an armed security guard, was on his way to work and was in possession of the handgun used in connection with his employment.

ANSWER: Upon information and belief, based on Chicago Police Department documents, the City admits that during the stop, plaintiff told defendant officers Stark and Hamilton that he was in possession of a gun. The City states, upon information and belief, based on Chicago Police Department documents, that after defendant officers Stark and Hamilton placed plaintiff in custody and advised plaintiff of his Miranda rights, plaintiff told defendant officers Stark and Hamilton that he was an armed security guard for Magnum Security and that he was on his way to work. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

16. At the time Kenneth advised officers Stark and Hamilton of the foregoing facts, he was then in possession of all documentation required to permit him to legally possess a firearm, including a valid FOID card, a valid tan card, a letter from Magnum confirming his status and employment as an armed security guard and setting forth, with specificity, both Magnum and plaintiff's license and registration numbers and other information. Moreover, Kenneth was in the process of commuting from his home and place of employment and was within one hour of beginning his shift. In addition, each of these facts was readily and easily verifiable by the officers with a minimum of additional investigation.

ANSWER: The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. All of the foregoing facts and circumstances were known to both Off. Stark and Off. Hamilton at the time of the stop or shortly thereafter. Despite the fact that Kenneth was legally entitled to, be in possession of a firearm at the time of the stop, officers Stark and Hamilton placed Kenneth under arrest and transported him to the District 4 lockup, where he was fingerprinted, booked and jailed.

ANSWER: The City admits, upon information and belief, based on Chicago Police Department

documents, that officers Stark and Hamilton arrested and transported plaintiff to the District 4 police station, where plaintiff was fingerprinted, booked, and placed in the lockup. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

18.     Officers Stark and Hamilton subsequently sought felony charges against Kenneth for his possession of the handgun he carried in connection with his employment as an armed security guard. In seeking those charges, officers Stark and Hamilton prepared a police report regarding the stop and arrest of Kenneth ("the report"). The report was prepared and signed under oath and was approved by defendant Officer T. McMahon ("Off. McMahon") and defendant Officer C. Judon ("Off. Judon").

ANSWER:     Upon information and belief, based on Chicago Police Department documents, the City admits that officers Stark and Hamilton prepared and signed, under oath, an arrest report regarding the stop and arrest of plaintiff. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

19.     The report contained deliberate omissions of material facts and intentionally false and misleading statements which created the impression that the officers had probable cause to arrest and charge Kenneth when they clearly did not. Defendants Stark, Hamilton, McMahon and Judon, and each of them, prepared, assisted in preparing, approved and/or failed to correct the false and misleading report.

ANSWER:     Upon information and belief, based on Chicago Police Department documents, the City admits that defendants Stark and Hamilton prepared the arrest report. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

20.     The false and misleading report deliberately failed to disclose that at the time of the stop Kenneth had in his possession the following: (a) a valid tan card, (b) a valid FOID card, (c)

written documentation from his employer, confirming that he was employed, properly licensed and registered as an armed security guard. The report falsely states that Kenneth could not produce a valid tan card at the time of the stop when defendants Stark and Hamilton knew that Kenneth had a valid tan card in his possession at the time of the stop. The report deliberately omitted the fact that Kenneth was, at the time of the stop, commuting from his residence to his place of employment and was within one hour of the start of his shift, legally entitling him to possess the handgun.

ANSWER:    The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.    In connection with Kenneth's arrest and booking, defendant officers Stark and Hamilton prepared a property inventory form. That form was approved by defendant Sergeant Garry Kodat ("Sgt. Kodat"). The property inventory form showed only the firearm and ammunition seized from Kenneth, and omitted the tan card, FOID card and other documentation found on Kenneth's person. The only reason for this intentional omission of relevant and material evidence was to intentionally conceal the fact that no probable cause existed for Kenneth's arrest nor was there probable cause to support the felony charge of Aggravated Unlawful Use of a Weapon. Defendants Stark, Hamilton and Kodat intentionally prepared the false and misleading property inventory form to conceal the fact that no probable cause existed for Kenneth's arrest or the charges sought against him.

ANSWER:    Upon information and belief, based on Chicago Police Department documents, the City admits that after plaintiff's arrest on January 20, 2007, defendant officers Stark and Hamilton prepared a property inventory report. The City further admits, upon information and belief, based on Chicago Police Department documents, that the property inventory report lists the firearms and ammunition seized from plaintiff. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

22.    Subsequent to the preparation of the false and misleading police report and property inventory form, defendants contacted Assistant State's Attorney Jason Poje ("ASA Poje") and sought approval of the felony charge of Aggravated Unlawful Use of a Weapon ("Agg. U.U.W.") against Kenneth. Defendant officers made false statements of material fact to ASA Poje (i.e. that Kenneth could not produce a valid tan card), concealed exculpatory evidence (i.e. Kenneth's possession of the required documentation, his employment, licensing and registration as an armed security guard) and concealed other facts from ASA Poje (i.e. that Kenneth was, at the time of the

stop, commuting from his residence to his place of employment and was within one hour of the start of his shift) which caused ASA Poje to approve the felony charge of Agg. U.U.W., despite the lack of probable cause to support those charges.

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.   Kenneth was then charged with the felony of Agg. U.U.W. pursuant to Section 5/24-1.6 of the Illinois Criminal Code, a Class 4 felony.   He was transported to the Cook County Jail, where he remained in custody for 18 days.

ANSWER:   Upon information and belief, based on Chicago Police Department documents, the City admits the allegations in the first sentence of this paragraph.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

24.   On February 8, 2007, a preliminary hearing was held before the Honorable Michelle Jordan.  Judge Jordan made a finding of no probable cause and dismissed the felony charge. Kenneth was released from custody that day.

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.   As a result of his false arrest and imprisonment Kenneth was terminated from his employment with Magnum.

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT I
## (Due Process - 42 U.S.C. §1983)

26.     Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-25, inclusive, as if fully restated herein.  Defendants, while acting under color of law and within the scope of their employment, deprived Plaintiff, Kenneth J. Cobb, of his constitutional rights to due process.  Each of the individual defendants participated, assisted in or failed to supervise or correct, the deliberate fabrication of false statements, the intentional concealment of exculpatory evidence and the deliberate obstruction of justice, thereby causing the false arrest of plaintiff, Kenneth J. Cobb, causing him to be falsely imprisoned and prosecuted for a crime he did not commit.

ANSWER:     The City restates, realleges and incorporates by this reference its responses to paragraphs 1-25 as if fully restated here.  The City denies that it deprived plaintiff of his constitutional right to due process.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

27.     Defendants provided false allegations that were the basis for the approval of the felony charge against plaintiff and withheld exculpatory evidence.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

28.     Absent this misconduct, the arrest and prosecution of plaintiff, Kenneth J. Cobb, could not and would not have been approved or pursued.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.     As a result of the violation of his constitutional right to due process, plaintiff,

10

Kenneth Cobb, suffered injuries, including his wrongful arrest, wrongful imprisonment, loss of employment and mental and emotional distress.

ANSWER:    The City denies that it violated plaintiff's constitutional right to due process. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

30.    The misconduct that occurred was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff, Kenneth J. Cobb's, constitutional rights.

ANSWER:    The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

31.    The misconduct described herein was undertaken with malice, willfulness and with reckless indifference to the constitutional rights of others, including Kenneth J. Cobb.

ANSWER:    The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

32.    The misconduct described herein was undertaken pursuant to the policy and practice of the defendant City of Chicago in that:

  A.    As a matter of both, policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here, by failing to adequately train, supervise and control its police officers, such that its failure to do so manifests deliberate indifference, by hiring or retaining unqualified individuals as police officers;

  B.    As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct thereby leading its police officers to believe that

        their actions would never be scrutinized and, in that way, directly encouraged future abuses such as those suffered by plaintiff Kenneth J. Cobb;

C.     As a matter of both policy and practice so widespread as to comprise municipal policy, the City of Chicago directly encourages, the very type of misconduct at issue here, by providing various employment incentives to its police officers for making certain types of arrests, including those involving firearms, regardless of the legality of those arrests or the ultimate dispositions of those cases;

D.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, the City of Chicago's police officers falsely arrest and prosecute citizens in a manner similar to that alleged by plaintiff herein but the City makes findings of wrongdoing in a disproportionately small number of cases;

E.     Municipal policy makers are aware of, and condone and facilitate by their inaction, a "code of silence" within the police department, by which police officers fail to report misconduct by other officers, such as the misconduct alleged herein;

F.     The City of Chicago has failed to act or remedy the patterns of misconduct alleged herein, despite actual knowledge of the same thereby causing the types of injuries alleged herein.

ANSWER:     The City denies the allegations in this paragraph, including all of its sub-parts.

## COUNT II
## (False Arrest - 42 U.S.C. § 1983)

33.     Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-32, inclusive, as if fully restated herein.

ANSWER:     The City restates, realleges and incorporates by this reference its responses to paragraphs 1-32 as if fully restated here.

34.     Plaintiff, Kenneth J. Cobb, was improperly seized and arrested by the defendants without legitimate probable cause. Plaintiff, Kenneth J. Cobb, was denied his liberty without justification in violation of the Constitution.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

35.     As a result of the above described wrongful infringement of Plaintiff, Kenneth J. Cobb's rights, plaintiff has suffered damages, including, but not limited to, mental distress and anguish and the loss of his employment.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

36.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Kenneth Cobb.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

## COUNT III
### (Malicious Prosecution - State Law Claim)

37.     Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-32 [sic], inclusive, as if fully restated herein.

ANSWER:     The City restates, realleges and incorporates by this reference its responses to paragraphs 1-32 as if fully restated here.

38.     Defendants, individually and/or jointly and in conspiracy initiated, or caused to be initiated, and continued and/or caused to be continued a malicious and wrongful prosecution against Kenneth Cobb, all without probable cause. Defendants were each instrumental in the initiation and continuation of the malicious and wrongful prosecution of Kenneth Cobb. The defendants each acted with malice.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

39.     The prosecution was terminated in Kenneth J. Cobb's favor after he was incarcerated for eighteen (18) days.

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40.     Defendants are liable for malicious prosecution because it was proximately caused by their unlawful actions as set forth above.

ANSWER:   The City denies it maliciously prosecuted plaintiff. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

41.     These actions directly and proximately caused the injuries and damages to Kenneth J. Cobb as claimed above, and constitute the tort of malicious prosecution under Illinois law.

ANSWER:   The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## COUNT IV
### (Intentional Infliction of Emotional Distress - State Law Claim)

42.     Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-41, inclusive, as if fully restated herein.

ANSWER:   The City restates, realleges and incorporates by this reference its responses to paragraphs 1-41 as if fully restated here.

43.     The acts and conduct of defendants, as set forth herein were extreme and outrageous. The defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to plaintiff, Kenneth J. Cobb.

ANSWER:   The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining

14

allegations in this paragraph.

44.     Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, Kenneth J. Cobb.

ANSWER:     The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff Kevin Fox [sic].

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City. The City further denies that Kevin Fox is a plaintiff in this action. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

46.     As a proximate result of Defendants' wrongful acts, plaintiff, Kenneth J. Cobb, suffered damages, including severe emotional distress and anguish.

ANSWER:     The City denies that it acted wrongfully against plaintiff. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### COUNT V
### (False Imprisonment - State Law Claim)

47.     Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-46, inclusive, as if fully restated herein.

ANSWER:     The City restates, realleges and incorporates by this reference its responses to paragraphs 1-46 as if fully restated here.

48.     The defendants, individually and/or jointly and in conspiracy, falsely imprisoned, or caused to be falsely imprisoned, the plaintiff, Kenneth J. Cobb, without probable cause.

ANSWER:     The City denies the allegations in this paragraph to the extent they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

49.     The defendants, [sic] are liable for this false imprisonment, because it was proximately caused by their unlawful actions as set forth herein.

ANSWER:     The City denies that it falsely imprisoned plaintiff. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

50.     The false imprisonment of plaintiff, Kenneth J. Cobb, by the defendants, continued from January 20, 2007, to February 8, 2007, a total of eighteen days.

ANSWER:     The City denies that it falsely imprisoned plaintiff. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

51.     As a direct and proximate result of the wrongful acts of the defendants in falsely imprisoning plaintiff, Kenneth J. Cobb, he has suffered the injuries and damages as set forth herein.

ANSWER:     The City denies that it acted wrongfully against plaintiff. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

**COUNT VI**
**(745 ILCS 10/9-102 - Indemnification)**

52.     Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-51, inclusive, as if fully set forth herein as paragraph 00 [sic].

ANSWER:     The City restates, realleges and incorporates by this reference its responses to

paragraphs 1-51 as if fully restated here.

53.  At all relevant times the individually named defendants, Officers Stark, Hamilton, McMahon, Kodat and Pudon [sic] were acting under color of law and within the scope and course of their employment.

ANSWER:  The City admits, upon information and belief, based upon Chicago Police Department records, that the named defendant officers Stark, Hamilton, McMahon, Kodat, and Judon were, at all times relevant to the complaint, acting under color of law and within the scope of their employment.

54.  At all relevant times the City of Chicago was the employer of the individually named defendants, Officers Stark, Hamilton, McMahon, Kodat and Pudon [sic].

ANSWER:  The City admits that, at all relevant times, the individually named defendant officers Stark, Hamilton, McMahon, Kodat, and Judon were employees of the Chicago Police Department. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

Wherefore, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

1.  Under the Illinois Tort Immunity Act, defendant officers are not liable for any of the state law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202.

2. A municipality is not liable under a theory of respondeat superior for the constitutional violations of its employees. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

3. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when action in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

4. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208.

5. Defendant officers are not liable for any of plaintiff's claims because they can not be held liable for acts or omissions of other people. Under the Tort Immunity Act, defendant officers are not liable for any of plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. Plaintiff has a duty to mitigate his damages, and any damages awarded to plaintiff would be required to be reduced by any amount by which the damages could have been lessened by plaintiff's failure to take reasonable action to minimize those damages.

7. To the extent any injuries or damages claimed by plaintiff was proximately caused, in whole or in part, by any wrongful conduct on the part of plaintiff, any verdict or judgment obtained by plaintiff based on any finding of "reckless" willful and wanton behavior, as opposed to "intentional" willful and wanton behavior, must be reduced by application of the

principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case.  See People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (1995).

8.     If defendant officers are found not liable to plaintiff on any of his state claims, the City is not liable to plaintiff.  745 ILCS 10/2-109.

9.     The statute of limitations for any claim under Illinois law plaintiff is attempting to plead is one year.  745 ILCS 10/8-101.  To the extent that plaintiff's claims under state law accrued more than one year prior to their filing of this complaint against defendant officers and the City, those claims are time barred and should be dismissed.

## JURY DEMAND

The City requests a trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel
City of Chicago,

June 6, 2008          By:    /s/Bhairav Radia
                             Bhairav Radia
                             Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, Illinois 60602
(312) 744-6919

**CERTIFICATE OF SERVICE**

I certify that I caused to be served a true copy of **Defendant City of Chicago's Answer and Affirmative Defenses to Plaintiff's Complaint**, **and Jury Demand,** on the attorneys of record, as identified below, through the United States District Court for the Northern District of Illinois, Eastern Division's electronic case filing system, on June 6, 2008.

| | | |
|---|---|---|
| To: | John Partelow<br>Law Ofices of John E. Partelow<br>555 West Jackson Blvd.<br>Suite 700<br>Chicago, Illinois  60661 | David Selmer<br>Assistant Corporation Counsel<br>City of Chicago Law Department<br>30 N LaSalle Street, Suite 1400<br>Chicago, Illinois 60602 |

*/s/ Bhairav Radia*
Bhairav Radia
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919