IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH J. COBB,           )<br>                            )<br>         Plaintiff,        )<br>                            )<br>    v.                      )<br>                            )<br> OFFICER CHRISTOPHER STARK  )<br>Star #4728, OFFICER THOMAS HAMILTON )<br>Star #13071, SERGEANT GARRY KODAT, )<br>Star #10272, OFFICER T. McMAHON Star #89, )<br>OFFICER C. JUDON , Star #262, and the CITY )<br>OF CHICAGO, a Municipal Corporation, )<br>                            )<br>         Defendants.       ) | No.    08 C 0437<br><br>JUDGE HART<br><br>Magistrate Judge Valdez |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND
JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Individual defendants, Officer Hamilton, Officer Stark, Sergeant Kodat, Lieutenant Judon, and Captain Judon ("Defendant Officers"), by one of their attorneys, David Selmer, Assistant Corporation Counsel for the City of Chicago, for their answer defenses and jury demand to Plaintiff's Complaint, state as follows:

**Nature of Action**

1. This cause of action is brought pursuant to the laws of the United States, specifically 42 U.S.C. §1983 and; 42 U.S.C. §1983, pursuant to the rights secured by the United States Constitution, and pursuant to the laws of the State of Illinois, to redress deprivations of the civil rights of plaintiff Kenneth Cobb after he was wrongfully arrested, charged, imprisoned and prosecuted for a crime he did not commit.

ANSWER:    Defendant Officers admit that this action is brought pursuant to the laws of the United States, specifically U.S.C. §1983 and; 42 U.S.C. §1983, pursuant to the rights secured by the United States Constitution, and pursuant to the laws of the State of Illinois, but deny the remaining allegations in this paragraph and deny any wrongdoing.

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 and 28 U.S.C. §1367.

ANSWER: Defendant Officers admit that jurisdiction is proper.

3. Venue is proper pursuant to 28 U.S.C. §1391(b). All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

ANSWER: Defendant Officers admit that venue is proper.

**The Parties**

4. That at all relevant times, plaintiff was a resident of the State of Illinois and resided in the Northern District of Illinois, Eastern Division.

ANSWER: Defendants Stark and Hamilton, upon information and belief, admit the allegations in this paragraph.

Defendants Kodat, McMahon, and Judon, lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

5. That at all relevant times, defendant CITY OF CHICAGO ("the City"), was a municipal corporation located in the State of Illinois and within the Northern District of Illinois, Eastern Division.

ANSWER: Defendant Officers admit the allegations in this paragraph.

6. That at all relevant times, the City was the employer of the individually named defendant police officers.

ANSWER: Defendant Officers admit the allegations in this paragraph.

7. That at all relevant times, defendant CHRISTOPHER STARK (Star No. 4728), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

ANSWER: Defendant Officers admit the allegations in this paragraph.

8. That at all relevant times, defendant THOMAS HAMILTON (Star # 13071), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

ANSWER:   Defendant Officers admit the allegations in this paragraph.

     9.     That at all relevant times, defendant SERGEANT GARRY KODAT (Star # 10272), was employed by defendant City of Chicago as a police officer and was acting within the course, and scope of his employment and under the color of law.

ANSWER:   Defendant Officers admit the allegations in this paragraph.

     10.     That at all-relevant times, defendant OFFICER T. MCMAHON (Star # 89), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

ANSWER:   Defendant Officers admit the allegations in this paragraph.

     11.     That at all relevant times, defendant OFFICER C. JUDON (Star # 262), was employed by defendant City of Chicago as a police officer and was acting within the course and scope of his employment and under the color of law.

ANSWER:   Defendant Officers admit the allegations in this paragraph.

## Facts

     12.     On January 20, 2007, plaintiff Kenneth Cobb (hereinafter referred to as "Kenneth") was a 39 year old male, employed by Magnum Security and Investigation, Inc. ("Magnum")/ with its principal place of business located at 4048 North Milwaukee Avenue, Chicago, Illinois 60641. Magnum was licensed and registered with the State of Illinois and authorized to employ qualified and licensed individuals as armed security guards.

ANSWER:   Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

     13.     On January 20, 2007, Kenneth was employed by Magnum as an armed security guard and was scheduled and assigned to work as an armed security guard that evening.

ANSWER:   Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the matter asserted in this paragraph.

     14.     On January 20, 2007, Kenneth was the holder of a valid Firearm Owner's Identification Card ("FOID card), a valid firearm control card issued by the Department of Professional Regulation ("perc card" or utan card") and was otherwise properly licensed and registered to possess and carry a firearm in connection with the performance of his duties as an armed security guard with Magnum.

ANSWER:	Defendant Officers Stark and Hamilton deny the allegations in this paragraph.

Defendants Kodat, McMahon, and Judon, lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

15.	On January 20, 2007, at approximately 7:30 p.m., Kenneth was on his way to work at the location to which he was assigned by Magnum. At approximately 7:30 p.m. Kenneth was approached and stopped on the street near 7910 South Colfax Avenue, Chicago, Illinois (wthe stop") by defendant police officers, Officer Christopher Stark ("Off. Stark") and Officer Thomas Hamilton ("Off. Hamilton").

ANSWER:	Defendant Officers Hamilton and Stark admit that at approximately 7:30 p.m. that they approached and stopped Plaintiff on the street near 7910 South Coles Avenue, Chicago, Illinois, but lack knowledge or information sufficient to form a belief as to the truth of the remaining matters contained in this paragraph.

Defendants Kodat, McMahon, and Judon, lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

15.	During the stop, Kenneth advised the officers that he was employed as an armed security guard, was on his way to work and was in possession of the handgun used in connection with his employment.

ANSWER:	Defendant Officers Hamilton and Stark admit the allegations contained in this paragraph.

Defendants Kodat, McMahon, and Judon, lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

16.	At the time Kenneth advised officers Stark and Hamilton of the foregoing facts, he was then in possession of all documentation required to. permit him to legally possess a firearm, including a valid FOID card, a valid tan card, a letter from Magnum confirming his status and employment as an armed security guard and setting forth, with specificity, both Magnum and plaintiff's license and registration numbers and other information. Moreover, Kenneth was in the process of commuting from his home and place of employment and was within one hour of beginning his shift. In addition, each of these facts was readily and easily verifiable by the officers with a minimum of additional investigation.

ANSWER:   Defendant Officers Hamilton and Stark deny the allegations in this paragraph.

Defendants Kodat, McMahon, and Judon, lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

17.   All of the foregoing facts and circumstances were known to both Off. Stark and Off. Hamilton at the time of the stop or shortly thereafter.  Despite the fact that Kenneth was legally entitled to, be in possession of a firearm at the time of the stop, officers Stark and Hamilton placed Kenneth under arrest and transported him to the District 4 lockup, where he was fingerprinted, booked and jailed.

ANSWER:   Defendant Officers Hamilton and Stark deny the allegations in this paragraph.

Defendants Kodat, McMahon, and Judon, lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

18.   Officers Stark and Hamilton subsequently sought felony charges against Kenneth for his possession of the handgun he carried in connection with his employment as an armed security guard.  In seeking those charges, officers Stark and Hamilton prepared a police report regarding the stop and arrest of Kenneth ("the report").  The report was prepared and signed under oath and was approved by defendant Officer T. McMahon ("Off. McMahon") and defendant Officer C. Judon ("Off. Judon").

ANSWER:   Defendant Officers Stark and Hamilton at some point in time charged the Plaintiff with violating 720 ILCS 5/24-1.6(A)(2) ("Aggravated Unlawful Use of a Weapon") and prepared a Case Incident Report that was signed under oath, and prepared an Arrest Report that was approved by Captain McMahon and Lieutenant Judon, but deny the remaining allegations in this paragraph.

Defendant Kodat lacks knowledge or information lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

Defendants McMahon and Judon admit that they approved that an Arrest Report prepared by Officers Stark and Hamilton substantiated probable cause in the report, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this

paragraph.

19.	The report contained deliberate omissions of material facts and intentionally false and misleading statements which created the impression that the officers had probable cause to arrest and charge Kenneth when they clearly did not. Defendants . Stark, Hamilton, McMahon and Judon, and each of them, prepared, assisted in preparing, approved and/or failed to correct the false and misleading report.

ANSWER:	Defendant Officers Stark, Hamilton, McMahon, and Judon deny the allegations

contained in this paragraph.

Defendant Kodat lacks knowledge or information lacks knowledge or information sufficient

to form a belief as to the truth of the allegations contained in this paragraph.

20.	The false and misleading report deliberately failed to disclose that at the time of the stop Kenneth had in his possession the following: (a) a valid tan card, (b) a valid FOID card, (c) written documentation from his employer, confirming that he was employed, properly licensed and registered as an armed security guard. The report falsely states that Kenneth could not produce a valid tan card at the time of the stop when defendants Stark and Hamilton knew that Kenneth had a valid tan card in his possession at the time of the stop. The report deliberately omitted the fact that Kenneth was, at the time of the stop, commuting from his residence to his place of employment and was within one hour of the start of his shift, legally entitling him to possess the handgun.

ANSWER:	Defendant Officers Hamilton and Stark deny the allegations in this paragraph.

Defendants Kodat, McMahon, and Judon, lack knowledge or information sufficient to form

a belief as to the truth of the matters asserted in this paragraph.

21.	In connection with Kenneth's arrest and booking, defendant officers Stark and Hamilton prepared a property inventory form. That form was approved by defendant Sergeant Garry Kodat ("Sgt. Kodat"). The property inventory form showed only the firearm and ammunition seized from Kenneth, and omitted the tan card, FOID card and other documentation found on Kenneth's person. The only reason for this intentional omission of relevant and material evidence was to intentionally conceal the fact that no probable cause existed for Kenneth's arrest nor was there probable cause to support the felony charge of Aggravated Unlawful Use of a Weapon. Defendants Stark, Hamilton and Kodat intentionally prepared the false and misleading property inventory form to conceal the fact that no probable cause existed for Kenneth's arrest or the charges sought against him.

ANSWER:	Defendant Officers Stark, Hamilton, and Kodat deny the allegations contained in this

paragraph.

6

Defendant Officers Judon and McMahon lack knowledge or information sufficient to form a belief as to the truth of the matters asserted in this paragraph.

22. Subsequent to the preparation of the false and misleading police report and property inventory form, defendants contacted Assistant State's Attorney Jason Poje ("ASA Poje") and sought approval of the felony charge of Aggravated Unlawful Use of a Weapon (wAgg. U.U.W.") against Kenneth. Defendant officers made false statements of material fact to ASA Poje (i.e. that Kenneth could not produce a valid tan card), concealed exculpatory evidence (i.e. Kenneth's possession of the required documentation, his employment, licensing and registration as an armed security guard) and concealed other facts from ASA Poje (i.e. that Kenneth was, at the time of the stop, commuting from his residence to his place of employment and was within one hour of the start of his shift) which caused ASA Poje to approve the felony charge of Agg. U.U.W., despite the lack of probable cause to support those charges.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

23. Kenneth was then charged with the felony of Agg. U.U.W. pursuant to Section 5/24-1.6 of the Illinois Criminal Code, a Class 4 felony; He was transported to the Cook County Jail, where he remained in custody for 18 days.

ANSWER: Defendant Officers Stark, Hamilton, McMahon, and Judon admit that Plaintiff was charged with the felony of Aff. UUW pursuant to 5/24-1.6 of the Illinois Criminal Code, a Class 4 felony, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

Defendant Kodat lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

24. On February 8, 2 007, a preliminary hearing was held before the Honorable Michelle Jordan. Judge Jordan made a finding of no probable cause and dismissed the felony charge. Kenneth was released from custody that day.

ANSWER: Defendant Officer Stark admits that on February 8, 2007, Judge Jordan made a finding of no probable cause and dismissed the felony charge, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

Defendant Officer Hamilton, upon information and belief, admits that on February 8, 2007,

Judge Jordan made a finding of no probable cause and dismissed the felony charge, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

Defendant Officers Kodat, McMahon, and Judon lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

25.   As a result of his false arrest and imprisonment Kenneth was terminated from his employment with Magnum.

ANSWER:   Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I

### (Due Process - 42 U.S.C. §1983)

26.   Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-25, inclusive, as if fully restated herein.  Defendants, while acting under color of law and within the scope of their employment, deprived Plaintiff, Kenneth J. Cobb, of his constitutional rights to due process.  Each of the individual defendants participated, assisted in .or failed to supervise or correct, the deliberate fabrication of false statements, the intentional concealment of exculpatory evidence and the deliberate obstruction of justice, thereby causing the false arrest of plaintiff, Kenneth J. Cobb, causing him to be falsely imprisoned and prosecuted for a crime he did not commit.

ANSWER:   Defendant Officers reassert their answers to paragraphs 1-25 as if fully set forth herein, and deny the remaining allegations contained in this paragraph.

27.   Defendants provided false allegations that were the basis for the approval of the felony charge against plaintiff and withheld exculpatory evidence.

ANSWER:   Defendant Officers deny the allegations contained in this paragraph.

28.   Absent this misconduct, the arrest and prosecution of plaintiff, Kenneth J. Cobb, could not and would not have been approved or pursued.

ANSWER:   Defendant Officers deny the allegations contained in this paragraph.

29.　As a result of the violation of his constitutional right to due process, plaintiff, Kenneth Cobb, suffered injuries, including his wrongful arrest, wrongful imprisonment, loss of employment and mental and emotional distress."

ANSWER:　Defendant Officers deny the allegations contained in this paragraph.

30.　The misconduct that occurred was objectively unreasonable and was undertaken intentionally with willful indifference to plaintiff, Kenneth J. Cobb's, constitutional rights.

ANSWER:　Defendant Officers deny the allegations contained in this paragraph.

31.　The misconduct described herein was undertaken with malice, willfulness and with reckless indifference to the constitutional rights of others, including Kenneth J. Cobb.

ANSWER:　Defendant Officers deny the allegations contained in this paragraph.

32.　The misconduct described herein was undertaken pursuant to the policy and practice of the defendant City of Chicago in that:

- A.　As a matter of both, policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here, by failing to adequately train, supervise and control its police officers, such that its failure to do so manifests deliberate indifference, by hiring or retaining unqualified individuals as police officers;

- B.　As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct thereby leading its police officers to believe that their actions would never be scrutinized and, in that way, directly encouraged future abuses such as those suffered by plaintiff Kenneth J. Cobb;

- C.　As a matter of both policy and practice so widespread as to comprise municipal policy, the City of Chicago directly encourages, the very type of misconduct at issue here, by providing various employment incentives to its police officers for making certain types of arrests, including those involving firearms, regardless of the legality of those arrests or the ultimate dispositions of those cases;

- D.　Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, the City of Chicago's police officers falsely arrest and prosecute citizens in a manner similar to that alleged by plaintiff herein but the City makes findings of wrongdoing in a disproportionately small number of cases;

- E.　Municipal policy makers are aware of, and condone and facilitate by their inaction, a "code of silence" within the police department, by which police officers fail to report misconduct by other officers, such as the misconduct alleged herein;

    F.    The City of Chicago has failed to act or remedy the patterns of misconduct alleged herein, despite actual knowledge of the same thereby causing the types of injuries alleged herein.

ANSWER:   Defendant Officers deny the allegations contained in this paragraph

**WHEREFORE,** Defendant Officers respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count I of Plaintiff's Complaint, and any other relief this Court deems appropriate.

## COUNT II

### (False Arrest - 42 U.S.C. § 1983)

33.   Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-32, inclusive, as if fully restated herein.

ANSWER:   Defendant Officers reassert their answers to paragraphs 1-32 above as if fully set forth herein.

34.   Plaintiff, Kenneth J. Cobb, was improperly seized and arrested by the defendants without legitimate probable cause. Plaintiff, Kenneth J. Cobb, was denied his liberty without justification in violation of the Constitution.

ANSWER:   Defendant Officers deny the allegations contained in this paragraph

35.   As a result of the above described wrongful infringement of Plaintiff, Kenneth J. Cobb's rights, plaintiff has suffered damages, including, but not limited to, mental distress and anguish and the loss of his employment.

ANSWER:   Defendant Officers deny the allegations contained in this paragraph

36.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Kenneth Cobb.

ANSWER:   Defendant Officers deny the allegations contained in this paragraph

**WHEREFORE,** Defendants respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count I of Plaintiff's Complaint, and any other relief this Court deems appropriate.

## COUNT III

### (Malicious Prosecution - State Law Claim)

37. Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-32, inclusive, as if fully restated herein.

ANSWER: Defendant Officers reassert their answers to paragraphs 1-32 above as if fully set forth herein.

38. Defendants, individually and/or jointly and in conspiracy initiated, or caused to be initiated, and continued and/or caused to be continued a malicious and wrongful prosecution against Kenneth Cobb, all without probable cause. Defendants were each instrumental in the initiation and continuation of the malicious and wrongful prosecution of Kenneth Cobb. The defendants each acted with malice.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

39. The prosecution was terminated in Kenneth J. Cobb's favor after he was incarcerated for eighteen (18) days.

ANSWER: Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

40. Defendants are liable for malicious prosecution because it was proximately caused by their unlawful actions as set forth above.

ANSWER: Defendant Officers deny the allegations contained in this paragraph

41. These actions directly and proximately caused the injuries and damages to Kenneth J. Cobb as claimed above, and constitute the tort of malicious prosecution under Illinois law.

ANSWER: Defendant Officers deny the allegations contained in this paragraph

**WHEREFORE,** Defendant Officers respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count III of Plaintiff's Complaint, and any other relief this Court deems appropriate.

## COUNT IV

### (Intentional Infliction of Emotional Distress - State Law Claim)

42. Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-41, inclusive, as if fully restated herein.

ANSWER: Defendant Officers reassert their answers to paragraphs 1-41 above as if fully set forth herein.

43. The acts and conduct of defendants, as set forth herein were extreme and outrageous. The defendants intended to cause, or were in reckless disregard of the probability that their conduct would cause severe emotional distress to plaintiff, Kenneth J. Cobb.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

44. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiff, Kenneth J. Cobb.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

45. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff Kevin Fox.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

46. As a proximate result of Defendants' wrongful acts, plaintiff, Kenneth J. Cobb, suffered damages, including severe emotional distress and anguish.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

**WHEREFORE,** Defendant Officers respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count IV of Plaintiff's Complaint, and any other relief this Court deems appropriate.

## COUNT V

### (False Imprisonment - State Law Claim)

47. Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-46, inclusive, as if fully restated herein.

ANSWER: Defendant Officers reassert their answers to paragraphs 1-46 above as if fully set forth herein.

48. The defendants, individually and/or jointly and in conspiracy, falsely imprisoned, or caused to be falsely imprisoned, the plaintiff, Kenneth J. Cobb, without probable cause.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

49. The defendants, are liable for this false imprisonment, because it was proximately caused. by their unlawful actions as set forth herein.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

50. The false imprisonment of plaintiff, Kenneth J. Cobb, by the defendants, continued from January 20, 2007, to February 8, 2007, a total of eighteen days.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

51. As a direct and proximate result of the wrongful acts of the defendants in falsely imprisoning plaintiff, Kenneth J. Cobb, he has suffered the injuries and damages as set forth herein.

ANSWER: Defendant Officers deny the allegations contained in this paragraph.

**WHEREFORE,** Defendant Officers respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count V of Plaintiff's Complaint, and any other relief this Court deems appropriate.

## COUNT VI

### (745 ILCS 10/9-102 - Indemnification)

52. Plaintiff Kenneth J. Cobb, restates, realleges and incorporates by this reference paragraphs 1-51, inclusive, as if fully set forth herein as paragraph 00.

ANSWER: Defendant Officers reassert their answers to paragraph 1-51 above as if fully set forth herein.

53. At all relevant times the individually named defendants, Officers Stark, Hamilton, McMahon, Kodat and Judon were acting under color of law and within the scope and course of their employment.

ANSWER: Defendant Officers admit the allegations contained in this paragraph.

54. At all relevant times the City of Chicago was the employer of the individually named defendants, Officers Stark, Hamilton, McMahon, Kodat and Pudon.

ANSWER: Defendant Officers admit the allegations contained in this paragraph.

**WHEREFORE,** Defendant Officers respectfully request this Court to enter judgment in their favor and against Plaintiff as to Count VI of Plaintiff's Complaint, and any other relief this Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE

Defendant Officers are government officials who perform discretionary functions. As to the federal claims against Defendants, at all times material to the events alleged in plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that the Defendant Officers possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Where Defendants may be liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of Plaintiff's which were the proximate cause of these injuries and damages.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, and verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with a degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## FOURTH AFFIRMATIVE DEFENSE

As to all state law counts, under the Local Governmental and Governmental Employees Tort Immunity Act (hereinafter "Illinois Tort Immunity Act"), Defendants are not liable for any of the claims alleged because the decision to arrest and charge Plaintiff and to restrain Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability.  745 ILCS 10/2-201.

## FIFTH AFFIRMATIVE DEFENSE

Defendant Officers were working as police officers at the time of this incident. Therefore, under the Illinois Tort Immunity Act, Defendants are not liable for any of the state-law claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct.  745 ILCS 10/2-202.

## SIXTH AFFIRMATIVE DEFENSE

Defendants are not liable for any of Plaintiff's alleged state-law claims because a public employee, as such and acting within the scope of their employment, are not liable for an injury caused by the good faith enforcement of a law that is unconstitutional, invalid or inapplicable, except to the extent they would have been liable had the enactment been constitutional, valid and applicable.  745 ILCS 10/2-203.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable for any of Plaintiff's alleged state-law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204.

## EIGHTH AFFIRMATIVE DEFENSE

As to Plaintiff's state-law claims, under Illinois Tort immunity law, Defendants are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative

proceeding within the scope of their employment, unless they acted maliciously and without probable cause.  745 ILCS 10/2-208.

### NINTH AFFIRMATIVE DEFENSE

As to all state claims, Defendants are not liable to pay punitive or exemplary damages in actions brought against the employee based on an injury allegedly arising out of an act or omission occurring within the scope of employment of such an employee serving in a position involving the determination of policy or the exercise of discretion when the injury is the result of an act or omission occurring in the performance of any legislative, quasi-legislative or quasi-judicial function, even though abused.  745 ILCS 10/2-213

### TENTH AFFIRMATIVE DEFENSE

In Illinois, it is clear that punitive damages cannot be sanctioned as an additional recovery in an action for intentional infliction of severe emotional distress, since the alleged outrageous quality of the defendant's conduct forms the basis of the action. *Knierim v. Izzo*, 22 Ill.2d 73, 88, 174 N.E.2d 157, 165 (1961); *Gragg v. Calandra*, 297 Ill. App. 3d 639, 649, 696 N.E.2d 1282, 1290 (2nd Dist. 1998); *Morrison v. Sandell*, 112 Ill. App. 3d 1057, 1060, 446 N.E.2d 290, 292 (4th Dist. 1983). Consequently, the rendition of compensatory damages is sufficiently punitive. *Knierim*, 22 Ill.2d at 88, 174 N.E.2d at 165; *Morrison*, 112 Ill. App. 3d at 1060, 446 N.E.2d at 292. In *Morrison*, the Court held that the Plaintiffs' claim seeking punitive damages for the intentional infliction of emotional distress was properly dismissed. *Morrison*,112 Ill. App. 3d at 1060, 446 N.E.2d at 292. Here, in Counts VII and VIII of their Amended Complaint, Plaintiffs seek punitive damages for the alleged intentional infliction of emotional distress by the Defendants. As Illinois does not permit the recovery of punitive damages for the intentional infliction of emotional distress, the Plaintiffs' prayer for the same must be stricken.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants are absolutely immune for any testimony they may have given in Plaintiffs' underlying criminal case. *See Briscoe v. LaHue*, 460 U.S. 325 (1983).

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant Officers are not liable for any of Plaintiffs' alleged state-law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by his failure to enforce any law. 745 ILCS 10/2-205 (1994).

**JURY DEMAND**

The City of Chicago and Defendant Officers respectfully demand a trial by jury.

Respectfully submitted,

/s/ David Selmer
DAVID N. SELMER
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNETH J. COBB, )<br>        )<br>        Plaintiff,        )<br>        )<br>   v.        )<br>        )<br>CITY OF CHICAGO, a Municipal Corporation, )<br>et al.,        )<br>        )<br>        Defendants.        ) | No.    08 C 0437<br><br>JUDGE HART<br><br>Magistrate Judge Valdez |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

To:   John E. Partlow
      555 West Jackson Boulevard - Suite 700
      Chicago, IL 60661

**PLEASE TAKE NOTICE** that on **June 10, 2008,** the Defendants filed their **ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division. A copy of that document is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this **10th day of June, 2008.**

                                        Respectfully submitted,

                                        /s/ David Selmer
                                        DAVID N. SELMER
                                        Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-6905
(312) 744-6566 (Fax)
Atty. No. 6283972

18